IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66-913-01






EX PARTE DAVID J. MITCHELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-24947-A IN THE 159
TH DISTRICT COURT


FROM ANGELINA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated assault and sentenced to eighteen years' imprisonment for each count. The Twelfth Court
of Appeals affirmed his convictions. Mitchell v. State, No. 12-05-00285-CR (Tex. App.-Tyler,
delivered August 25, 2006, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because he
notified Applicant that his convictions had been affirmed on September 25, 2006, when in fact they
had been affirmed on August 25, 2006. Based on the record, the trial court has entered findings of
fact and conclusions of law that appellate counsel's clerical mistake constituted deficient
performance, and that Applicant, as a result, was prejudiced. The trial court recommended granting
Applicant an out-of-time petition for discretionary review. 

 We believe, however, that counsel should have an opportunity to respond to Applicant's 
claim. Accordingly, the trial court shall provide appellate counsel with the opportunity to respond
to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether Applicant's appellate counsel 
was ineffective. The trial court shall specifically make findings of fact as to whether appellate
counsel included a copy of the appellate decision in the letter(s) counsel sent to Applicant, and if so,
whether Applicant was prejudiced. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 21, 2007

Do not publish